1  STARR BABCOCK (63473)
2  LAWRENCE C. YEE (84208)
   SUSAN PHAN (241637)
3  OFFICE OF GENERAL COUNSEL
4  THE STATE BAR OF CALIFORNIA
   180 Howard Street
5  San Francisco CA 94105-1639
6  Telephone:  (415) 538-2000
   Facsimile:  (415) 538-2321
7
8  Attorneys for Defendants
   THE STATE BAR OF CALIFORNIA, and
9  MARK TORRES-GIL

10

11                  UNITED STATE DISTRICT COURT

12              CENTRAL DISTRICT OF CALIFORNIA

13

14  MICHAEL T. PINES              ) Case No.  CV 12-01287-RGK (MRWx)
                                   )
15              Plaintiffs,        ) **MEMORANDUM OF POINTS AND**
                                   ) **AUTHORITIES IN SUPPORT OF**
16                                 ) **DEFENDANTS STATE BAR AND**
         v.                        ) **MARK TORRES-GIL'S MOTION**
17                                 ) **TO DISMISS COMPLAINT**
18  STATE OF CALIFORNIA et. al.    )
                                   )
19              Defendants.        ) Date:    April 16, 2012
                                   ) Time:    9:00 a.m.
20                                 ) Judge:   R. Gary Klausner
21  _____)

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

**Pages**

I.   INTRODUCTION ................................................................1

II.  BACKGROUND  .............................................................1

   A.   Business And Professions Code § 6007(c)(1) Proceedings .................2

   B.   Business And Professions Code § Proceedings In
        San Diego Superior Court ........................................3

   C.   Original Disciplinary Proceedings Under Business And
        Professions Code § 6075 ........................................4

   D.   Conviction Proceedings Under Business And Professions
        Code § 6101 ....................................................5

III. ARGUMENTS  ...............................................................5

   A.   The Eleventh Amendment Bars this Action Against
        the State Bar ..................................................5

   B.   Mark Torres-Gil Is Immune From Liability Under
        42 U.S.C. § 1983 ..............................................7

        1.   Eleventh Amendment Immunity Bars this Action
             Against Mark Torres-Gil in His Official Capacity .............7

        2.   Absolute Prosecutorial Immunity Applies to
             Mark Torres-Gil ..........................................8

   C.   *Younger* Abstention Bars Plaintiff's Claims For
        Injunctive And Declaratory Relief Against The State Bar.............9

        1.   The State Bar Court's Disciplinary Action Against
             Pines in State Bar Court Is Ongoing .........................10

        2.   The State Bar's Disciplinary  Actions Against
             Pines Implicates Important State Interests ...................10

        3.   The Plaintiff Cannot Meet His Burden of Proving
             that He Is Barred from Litigating Federal
             Constitutional Issues in State Bar Court ....................11

i

# TABLE OF CONTENTS

**Pages**

    4.    This Lawsuit Would Enjoin the State Bar Court Actions or Have the Practical Effect of Doing So ....................12

C.    Plaintiff Fails To State A Claim Upon Which Relief May Be Granted ..................................................................................12

    1.    The Allegations in the Complaint Are Generalized, Conclusory, and Implausible........................................13

    2.    The State Bar and Mark Torres-Gil Acting in His Official Capacity Are Not "Persons" within the Meaning of 42 U.S.C. § 1983 ......................................14

D.    Declaratory Relief Is Not A Cause Of Action....................................15

E.    The Anti-Injunction Act Does Not Create A Cause Of Action  .......................................................................16

IV.    CONCLUSION  .......................................................................17

# TABLE OF AUTHORITIES

## Cases

**Pages**

*Ashcroft v. Iqbal,*
    556 U.S. 662, 129 S.Ct. 1937 (2009) .........................................................12,14

*Ashelman v. Pope,*
    793 F.2d 1072 (9th Cir. 1986) ................................................13

*In re Attorney Discipline System,*
    19 Cal.4th 582 (1998) .................................................................6

*Barrett v. U.S.,*
    798 F.2d 565 (2d Cir. 1986) ....................................................9

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007)...................................................................12

*Conway v. State Bar of California,*
    47 Cal.3d 1107 (1989) .............................................................2

*Dydzak v. California,*
    No. 08-7765, 2009 WL 499745 (C.D. Cal. Feb. 26, 2009) ..........................10

*Edelman v. Jordan,*
    415 U.S. 651 (1974).................................................................7

*Ex Parte Young,*
    209 U.S. 123 (1908).................................................................7

*Franceschi v. Schwartz,*
    57 F.3d 828 (9th 1995) ...........................................................6

*Hamilton v. Bank of Blue Valley,*
    746 F. Supp. 2d 1160 (E.D. Cal. 2010) .........................................16

*Hirsh v. Justices of the Sup. Ct. of Cal.,*
    67 F.3d 708 (9th Cir. 1995) ....................................................6,9,`0

*Idaho v. Coeur d'Alene Tribe of Idaho,*
    521 U.S. 261 (1997).................................................................7

*Kay v. State Bar of California,*
    No. C 09-1135 PJH, 2009 WL 1456433
    (N.D. Cal. May 21, 2009) .......................................................6,15

iii

# TABLE OF AUTHORITIES

## Cases

Pages

*Kendall v. Visa U.S.A., Inc.,*
    518 F.3d 1042 (9th Cir. 2003) ............................................. 13

*Kentucky v. Graham,*
    473 U.S. 159 (1985) ........................................................ 7

*Khanna v. State Bar of Cal.,*
    308 Fed. Appx. 176 (9th Cir. 2009) *cert. denied,*
    130 S. Ct. 152, 175 L. Ed. 2d 37 (U.S. 2009) ...................... 6

*Lupert v. Cal. State Bar,*
    761 F.2d 1325 (9th Cir. 1985) ......................................... 6

*Middlesex County Ethics Comm. v. Garden State Bar Ass'n,*
    457 U.S. 423 (1982) ................................................. 9,10,11

*Miller-Wohl Co. v. Commissioner of Labor & Indus.,*
    685 F.2d 1088 (9th Cir. 1982) ......................................... 15

*Mitchum v. Foster,*
    407 U.S. 225 (1972) ...................................................... 16

*Moore v. Sims,*
    442 U.S. 415 (1979) ...................................................... 10

*Murphy v. Morris,*
    849 F.2d 1101 (8th Cir. 1988) ......................................... 8,9

*Navarro v. Block,*
    250 F.3d 729 (9th Cir. 2001) ........................................... 12

*Pennhurst State Sch. & Hosp. v. Halderman,*
    465 U.S. 89 (1984) ........................................................ 6

*Pennzoil Co. v. Texaco, Inc.,*
    481 U.S. 1 (1987) ..................................................... 11,16

*Pines v. McLaughlin et. al.,*
    No. 11-00474 (S.D. Cal. Jul. 25, 2011) .............................. 5

*Pines v. State of California, et. al.,*
    No. 11-7581 RGK, 2011 U.S. Dist. LEXIS 136121
    (C.D. Cal. Nov. 23, 2011) .............................................. 5

iv

# TABLE OF AUTHORITIES

**Pages**

## Cases

*In re Rose,*
     22 Cal. 4th 430 (2000) ...................................................................6

*Rosenthal v. Justices of the Sup. Ct. of Cal.,*
     910 F.2d 561 (9th Cir. 1990) .........................................................6

*Saleeby v. State Bar,*
     39 Cal.3d 547 (1985) ......................................................................6

*San Jose Silicon Valley Chamber of Commerce Political Action*
     *Comm. v. City of San Jose,*
     546 F.3d 1087, 1091 (9th Cir. 2008) .........................................9,10

*Silverton v. Dep't of Treasury,*
     449 F. Supp. 1004 (C.D. Cal. 1978) ...........................................15

*Sires v. State of Wash.,*
     314 F.2d 883 (9th Cir. 1963) .......................................................16

*Skelly Oil Co. v. Phillips Petroleum Co.,*
     339 U.S. 667 (1950)......................................................................15

*Skinner v. Govorchin,*
     463 F.3d 518 (6th Cir. 2006) .......................................................8,9

*Stock West, Inc. v. Confederated Tribes of the Colville Reservation,*
     873 F.2d 1221 (9th Cir. 1989) .....................................................15

*Weiner v. Klais and Co., Inc.,*
     108 F.3d 86 (6th Cir. 1997) .........................................................15

*Will v. Michigan Dep't of State Police,*
     491 U.S. 58 (1989).......................................................................14

*Wolfe v. Strankman,*
     392 F.3d 358 (9th Cir. 2004) .......................................................15

*Younger v. Harris,*
     401 U.S. 37 (1971).........................................................................9

v

Memo in Support of Defs. State Bar & Mark Torres-Gil's Mot. to Dismiss Compl.     Case No. CV12-01287-RGK(MRWx)

# TABLE OF AUTHORITIES

**Pages**

## Constitutions

California Constitution
    Article VI, section 9 ...........................................................6

## Rules

Rules of Procedure of the State Bar
    Rule 5.41 ...........................................................................4
    Rules 5.80 *et. seq.* ...........................................................4
    Rule 5.83 ...........................................................................4
    Rule 2101 ..........................................................................8

Federal Rules of Civil Procedure
    Rule 12(b)(6) ...............................................................1,12

## Statutes

California Business and Professions Code
    Section 6006 .....................................................................2
    Section 6007(c)(1) ...........................................................2
    Section 6007(c)(2) ...........................................................2
    Section 6075 .....................................................................5
    Section 6085(e) ..............................................................11
    Section 6101 .....................................................................5
    Section 6102 .....................................................................5
    Section 6180 .....................................................................3
    Section 6180.3 ..................................................................3

United States Code
    Title 28, Section 2201 ...................................................15
    Title 28, Section 2283 ...................................................16
    Title 42, Section 1983 .............................1,5,7-8,12-14,16

# I.   INTRODUCTION

Plaintiff Michael T. Pines has brought this suit alleging civil rights violations against the State Bar of California ("State Bar") and one of its staff attorneys, Mark Torres-Gil.  This court should dismiss the Plaintiff's charges against the State Bar and Mark Torres-Gil for the following reasons.  First, the Eleventh Amendment bars claims under 42 U.S.C. § 1983 against the State Bar. Second and the Eleventh Amendment and prosecutorial immunity immunizes Mr. Torres-Gil from claims under 42 U.S.C. § 1983.  Next, even if they were not immune, *Younger* abstention requires this court to dismiss the case against the State Bar and Mr. Torres-Gil.  Finally, this motion to dismiss should be granted under Rule 12(b)(6) because Plaintiff has failed to state a claim for which relief could be granted.

# II.   BACKGROUND

Michael T. Pines was admitted to the practice of law in the State of California in December 1977.  *See* Request for Judicial Notice in Supp. of Defs. The State Bar of Cal.'s and Mark Torres-Gil's Mot. To Dismiss ("RJN"), Ex. A at 4.  Pines maintained a law practice in Carlsbad, California known as Pines and Associates.  Part of his practice involved representing clients dealing with home foreclosure issues.  *Id.,* Ex. A at 1.  On at least three occasions from February through October 2010, Plaintiff incorrectly advised and assisted clients to fight the eviction process by breaking-in and physically repossessing the homes that the client had lost through foreclosure and eviction.  *Id.*  In each of those three cases, Plaintiff and his clients refused to leave when authorities were called to the scene. Plaintiff was arrested and criminally charged in all three instances.  *Id.*  He was ultimately convicted on four misdemeanor counts in charges brought in Orange County California on September 1, 2011.  *See* Def. State of Cal.'s Req. for Judicial Notice, Ex. A.  Criminal proceedings are still pending against Plaintiff in Ventura County.  *Id.* at Ex. B.

1

1       Because of Plaintiff's activities and his arrest and conviction, the State Bar

2   has initiated three related disciplinary proceedings against Pines, as well as a

3   special proceeding in the California superior court to assume jurisdiction over his

4   law practice.

5   **A.    Business and Professions Code § 6007(c)(1) Proceedings**

6       Based on Plaintiff's unprofessional and criminal actions in relation to these

7   foreclosures, the State Bar instituted an action against Plaintiff under California

8   Business and Professions Code § 6007(c)(1) ("Section 6007(c)(1)") on March 10,

9   2011.  RJN, Ex. A at 3.  Section 6007(c)(1) authorizes the State Bar to seek an

10  order to place an active attorney on temporary involuntary inactive status pending

11  formal disciplinary proceedings on the ground that the attorney has engaged in

12  conduct that poses a substantial threat of harm to clients and the public.  Because

13  an inactive member of the State Bar is not entitled to practice law, Cal. Bus. &

14  Prof. Code §  6006, the involuntary enrollment of an attorney on inactive status

15  thus operates as a temporary suspension from the practice of law.  *Conway v. State*

16  *Bar of California*, 47 Cal.3d 1107, 1111 (1989).  In order to place an attorney on

17  involuntary inactive status, the State Bar Court must conduct a hearing and find

18  that:  1) the attorney has caused or is causing substantial harm to his clients or the

19  public; 2) the attorney's clients or the public are likely to suffer greater injury if the

20  involuntary inactive enrollment is denied than the attorney is likely to suffer if it is

21  granted, or there is a reasonable likelihood that the harm will reoccur or continue;

22  and 3) there is a reasonable probability that the State Bar will prevail on the merits

23  of the underlying disciplinary matter.  Cal. Bus. & Prof. Code § 6007(c)(2).

24      At a hearing held before the State Bar Court under 6007(c) on April 12,

25  2011, both the State Bar and Plaintiff presented evidence.  RJN, Ex. A at 3.  Based

26  on the evidence presented, the State Bar court found that Plaintiff's conduct in

27  relation to his foreclosure clients caused substantial harm to his clients and the

28  public, that it would be likely that the harm would continue, and that there was a

2

reasonable probability that the State Bar would prevail on the merits of further disciplinary proceedings against Plaintiff. *Id.* at 13-15.  As a result, the State Bar Court ordered that Plaintiff be placed on involuntary inactive status effective May 1, 2011. *Id.* at 16.  Plaintiff remains on inactive status at this time pending final resolution of formal disciplinary proceedings.

**B.      Business and Professions Code § 6180 Proceedings in San Diego Superior Court**

Because Plaintiff could no longer practice as an attorney due to his placement on involuntary inactive status, the State Bar petitioned a San Diego County Superior Court on June 1, 2011 to permit the State Bar to assume jurisdiction of Plaintiff's law practice pursuant to Business and Profession Code §§ 6180 *et. seq.* ("Section 6180")  RJN, Ex. B.  Under Section 6180, the State Bar may petition a judge to permit the State Bar to assume an attorney's law practice upon a showing that there is a

> belief that supervision … is warranted because the attorney has left an unfinished client matter for which no other active member of the State Bar has, with the consent of the client, agreed to assume responsibility; [and/or] belief that the interests of … clients of the attorney or … other interested persons … will be prejudiced if the … supervision is not maintained.

Cal. Bus. & Prof. Code § 6180.3.

After considering oral arguments and pleadings filed by both the State Bar and Plaintiff, the Superior Court in San Diego County court granted the State Bar's 6180 petition on July 7, 2011.  RJN, Ex. C.  The court found that 1) Plaintiff had become incapable of devoting the time and attention necessary to protect the interest of his clients; 2) the Bar had an interest in matters relating to administration, admission, discipline and regulation of the practice of law and in matters relating to the administration of justice; and 3) there was an unfinished client matter for which no other active member of the State Bar, with the consent

3

1    of the client, had agreed to assume responsibility. *Id.* at 1-2. Following this order,

2    the State Bar assumed jurisdiction over Plaintiff's law practice and continues to

3    supervise his practice pending resolution of formal disciplinary proceedings.

4    **C.    Original Disciplinary Proceedings Under Business and Professions Code**

5    **       § 6075**

6         On June 10, 2011, the State Bar filed disciplinary charges and instituted

7    disciplinary proceedings against Plaintiff.   Rules Proc. State Bar, rules 5.41.  In

8    the proceedings, the State Bar must prove any allegations of misconduct levied

9    against Plaintiff by clear and convincing evidence at a trial before the State Bar

10   Court unless the Plaintiff charged failed to respond to the charges within 20 days.

11   *See* Rules Proc. State Bar, rules 5.80 *et. seq.*  If Plaintiff fails to respond, the State

12   Bar Court accepts the allegations as true and enters default judgment against

13   Plaintiff.

14        The charges filed on June 10 contained a series of allegations regarding

15   Plaintiff's misconduct stemming from his representation of the three foreclosure

16   clients discussed above.  RJN, Ex. D.  No response was filed by Plaintiff within 20

17   days as required by the State Bar Rules. *Id.*, Ex. E. at 2.  Consequently, the State

18   Bar Court granted a default judgment in favor of the State Bar and accepted the

19   facts in the notice of disciplinary charges as admissions by Plaintiff.  The State Bar

20   Court further held that the State Bar could pursue formal disbarment proceedings

21   against Plaintiff if Plaintiff failed to set aside the default judgment within 180 days.

22   *Id.*, Ex. F. at 1, Rules of Proc. of State Bar 5.83.

23        Plaintiff did not move to have the Judgment set aside or vacated within the

24   180 day period and the State Bar proceeded to seek Plaintiff's disbarment at the

25   conclusion of that period on February 21, 2012.  RJN, Ex. E.  This formal

26   disbarment proceeding is currently pending before the State Bar Court.

27   / / /

28

4

**D.     Conviction Proceedings Under Business and Professions Code § 6101**

In addition to Plaintiff's original proceedings, the State Bar has also instituted "conviction proceedings" against the Plaintiff pursuant to Business and Professions Code §§ 6101 and 6102 ("Section 6101").  RJN, Ex. G.  Through Section 6101 conviction proceedings the State Bar Court can disbar or suspend an attorney who has been convicted of a felony or a misdemeanor involving moral turpitude.  Cal. Bus. & Prof. Code § 6101.  On November 14, 2011, the State Bar instituted Section 6101 proceedings in addition to the pending Section 6075 proceedings based upon Plaintiff's conviction of the four misdemeanor counts in Orange County.  *Id.*  Like the Section 6075 disbarment proceedings, Plaintiff's conviction proceedings are still pending before the State Bar Court.

Instead of solely responding to the disciplinary charges and participating in the disciplinary proceedings brought before the State Bar Court, Plaintiff brought a series of lawsuits under 42 U.S.C. § 1983 in the Central District of California and in the Southern District of California and included the State Bar as a defendant in both cases.  Both cases were subsequently dismissed.  *See Pines v. State of California, et. al.,* No. 11-7581 RGK, 2011 U.S. Dist. LEXIS 136121 (C.D. Cal. Nov. 23, 2011)(order dismissing action for failure to amend complaint and obey court orders); *Pines v. McLaughlin et. al.,* No. 11-00474 (S.D. Cal. Jul. 25, 2011)(order dismissing action based on Plaintiff's inactive status).

Plaintiff has now filed similar allegations in this case and adding Mr. Torres-Gil as a defendant.  This Court should dismiss all charges against the State Bar and one of its staff attorneys Mr. Torres-Gil.

### III.   ARGUMENTS

**A.      The Eleventh Amendment Bars this Action Against The State Bar**

This Court should dismiss all claims against the State Bar because the Eleventh Amendment bars this action against the State Bar.  The Eleventh

1  Amendment bars actions against a state or one of its agencies in federal court
2  without their consent. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89,
3  100-101 (1984). The Amendment's sovereign immunity extends to suits against
4  the state brought by its own citizens. *Id.* The Eleventh Amendment's
5  jurisdictional bar applies no matter what relief plaintiffs seek. *Id.*; *Franceschi v.*
6  *Schwartz*, 57 F.3d 828, 831 (9th 1995).

7         The State Bar of California is a constitutional entity, established by Article
8  VI, section 9 of the California Constitution, and expressly acknowledged as an
9  integral part of the judicial function. *See* Cal. Const. art. VI, § 9; Cal. Bus. & Prof.
10  Code § 6001; *In re Rose*, 22 Cal. 4th 430, 438 (2000); *see also Rosenthal v.*
11  *Justices of the Sup. Ct. of Cal.*, 910 F.2d 561, 566-67 (9th Cir. 1990). The State
12  Bar is the administrative arm of the California Supreme Court, which assists the
13  court in matters of attorney admission and discipline, while the court retains its
14  inherent authority to suspend or disbar attorneys. *In re Attorney Discipline System*,
15  19 Cal.4th 582, 600 (1998); *Saleeby v. State Bar,* 39 Cal.3d 547, 557 (1985); *see*
16  *also Keller v. State Bar,* 496 U.S. 1, 11-12 ((1990).

17         As a matter of settled Ninth Circuit law, the State Bar of California is an
18  "arm of the state" for purposes of Eleventh Amendment immunity and thus
19  immune from suit in this Court. *Hirsh v. Justices of the Sup. Ct. of Cal.*, 67 F.3d
20  708, 715 (9th Cir. 1995); *Lupert v. Cal. State Bar*, 761 F.2d 1325, 1327 (9th Cir.
21  1985); *see also Khanna v. State Bar of Cal.*, 308 Fed. Appx. 176, 177 (9th Cir.
22  2009) *cert. denied*, 130 S. Ct. 152, 175 L. Ed. 2d 37 (U.S. 2009); *Kay v. State Bar*
23  *of California*, No. C 09-1135 PJH, 2009 WL 1456433, *2 (N.D. Cal. May 21,
24  2009). Accordingly, the Eleventh Amendment bars all of Plaintiffs' claims against
25  the State Bar and each must be dismissed.
26  / / /
27  / / /
28  / / /

6

**B.    Mark Torres-Gil Is Immune From Liability Under 42 U.S.C. § 1983**

   **1.    Eleventh Amendment Immunity Bars this Action Against Mark Torres-Gil in His Official Capacity**

Plaintiff sues Mr. Torres Gil in his official and individual capacity.  The Eleventh Amendment bars "official capacity" claims.  When the action is, in essence, one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants."  *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)(citation omitted).

> Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. [Citation].  Official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.' [Citation].  As long as the government entity receives notice and an opportunity to respond, an official capacity suit is, in all respects other than name, to be treated as a suit against the entity. [Citation.] . . . . [A] plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself.

*Kentucky v. Graham*, 473 U.S. 159, 165-166 (1985) (emphasis in original; citations omitted).  As discussed above, the Eleventh Amendment bars plaintiffs' official capacity claims for injunctive and declaratory relief as well as for damages.  *See Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 270 (1997).

> [T]o permit a federal-court action to proceed in every case where prospective declaratory and injunctive relief is sought against an officer . . . would be to adhere to an empty formalism and to undermine the principle . . . that Eleventh Amendment immunity represents a real limitation on a federal court's federal-question jurisdiction.

*Id.* at 270.[1]

---

[1]    *Ex Parte Young*, 209 U.S. 123 (1908), which held that the Eleventh Amendment did not bar a suit to enjoin a state official from enforcing an unconstitutional statute, does not apply here.  Because an unconstitutional statute is

7

1    Mr. Torres-Gil is employed in the State Bar's Office of General Counsel and
2    not the Office of Chief Trial Counsel, which investigates and conducts disciplinary
3    prosecutions in the State Bar Court. Rules Proc. State Bar, rule 2101. Mr. Torres-
4    Gil defended the State Bar in Plaintiff's civil action levied in the Southern District
5    of California, successfully seeking dismissal of Plaintiff's original claims in that
6    District.  Plaintiff's claim against Mr. Torres-Gil is unclear from the face of the
7    complaint. Plaintiff's only reference to Mr. Torres-Gil indicates he is named in
8    both his official and individual capacity.  But the facts alleged show that this
9    lawsuit is an attack on the State Bar's disciplinary actions.  In essence, it is a claim
10   against the State Bar of California, and as such, it is barred by the Eleventh
11   Amendment.  Further, the complaint contains no allegations against Mark Torres-
12   Gil, rather the only reference to Mr. Torres-Gil is in the caption which states he is
13   named in both his "individual capacity" and as a "Trial Counsel of the California
14   State Bar."  This Court should dismiss all of Plaintiff's claims against Mr. Torres-
15   Gil, as Assistant General Counsel of the State Bar, because Mr. Torres-Gil enjoys
16   absolute immunity from suits brought under § 1983.

17   **2.    Absolute Prosecutorial Immunity Applies to Mark Torres-Gil**

18   Government attorneys who litigate in adversary proceedings are conferred
19   absolute immunity from § 1983 liability.  Absolute prosecutorial immunity
20   "extends beyond the criminal process to conduct in civil proceedings where a
21   government attorney is operating in an enforcement role in initiating judicial
22   proceedings or undertaking the defense of a civil suit." *Skinner v. Govorchin,* 463
23   F.3d 518, 525 (6th Cir. 2006)(internal quotations omitted); *Murphy v. Morris,* 849
24   F.2d 1101, 1105 (8th Cir. 1988)(state attorney general absolutely immune from

26   void, the state official is not immunized. Id. at 159-160. Here, in contrast,
27   plaintiffs object to the strength of the evidence in the disciplinary action, not to the
28   constitutionality of the State Bar Rules of Procedure.

1   inmate's civil rights action in furtherance of her defense of the state in a separate

2   civil rights action brought by the inmate); *Barrett v. U.S.*, 798 F.2d 565, 572 (2d

3   Cir. 1986).

4       Absolute prosecutorial immunity bars this action against Mr. Torres-Gil.

5   *See Murphy*, 849 F.3d at 525; *Barrett*, 798 F.2d 572. Whether Mr. Torres-Gil is

6   named because he was merely undertaking the defense of a civil suit on behalf of

7   the State Bar or because of any alleged role in the underlying disciplinary

8   proceedings, he is absolutely immune from liability for the functions he performed.

9   *See Skinner*, 463 F.3d at 524; *Hirsh*, 67 F.3d at 715.

10  **C.   Younger Abstention Bars Plaintiff's Claims For Injunctive And**

11        **Declaratory Relief Against The State Bar**

12      This Court should also dismiss the charges against the State Bar and Mr.

13  Torres-Gil on *Younger* abstention grounds. Under *Younger v. Harris* and its

14  progeny, federal courts must abstain from granting injunctive or declaratory relief

15  that would interfere with pending state judicial proceedings, including disciplinary

16  proceedings of the State Bar. *Hirsh*, 67 F.3d at 712; *Younger v. Harris*, 401 U.S.

17  37 (1971). "*Younger* abstention is a jurisprudential doctrine rooted in overlapping

18  principles of equity, comity, and federalism." *San Jose Silicon Valley Chamber of*

19  *Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1091 (9th

20  Cir. 2008). It embodies "a strong federal policy against federal-court interference

21  with pending state judicial proceedings absent extraordinary circumstances."

22  *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431

23  (1982). Although *Younger* initially applied only to criminal proceedings, the U.S.

24  Supreme Court has repeatedly made clear that the policies underlying *Younger* are

25  fully applicable to civil cases and state administrative proceedings when important

26  state interests are involved. *Middlesex*, 457 U.S. at 432; *San Jose Silicon Valley*

27  *Chamber of Commerce Political Action Comm.*, 546 F.3d at 1092.

28      Absent "extraordinary circumstances," a district court "must abstain under

9

1   *Younger* if four requirements are met: (1) a state-initiated proceeding is ongoing;

2   (2) the proceeding implicates important state interests; (3) the federal plaintiff is

3   not barred from litigating federal constitutional issues in the state proceeding; and

4   (4) the federal court action would enjoin the proceeding or have the practical effect

5   of doing so." *San Jose Silicon Valley Chamber of Commerce Political Action*

6   *Comm.,* 546 F.3d at 1092.  Abstention applies even when a plaintiff challenges the

7   state proceedings as unconstitutional. *See Moore v. Sims,* 442 U.S. 415, 424

8   (1979); *Dydzak v. California*, No. 08-7765, 2009 WL 499745, at *5 (C.D. Cal.

9   Feb. 26, 2009).  All of the requirements necessary to apply *Younger* abstention are

10   present in this case.

11   **1.   The State Bar Court's Disciplinary Action Against Pines in State**
12   **Bar Court s Ongoing**

13   It is well settled that California's attorney discipline proceedings are

14   ongoing state proceedings for *Younger* abstention purposes. *Hirsh,* 67 F.3d at 712.

15   Plaintiff's original disciplinary proceedings and conviction proceedings with the

16   State Bar are still ongoing.  On February 21, 2011, the State Bar petitioned the

17   State Bar Court to recommend mandatory disbarment in the original proceeding.

18   In addition, the State Bar Court suspended Plaintiff from the practice of law,

19   pending final disposition of his conviction proceeding.  Accordingly, the first

20   requirement of *Younger* abstention is met.

21   **2.   The State Bar's Disciplinary Actions Against Pines Implicates**
22   **Important State Interests**

23   It is also well settled that disciplinary cases, such as the case against Plaintiff

24   Pine, implicate important state interests.  In *Middlesex*, the Supreme Court

25   expressly noted that states have "an extremely important interest in maintaining

26   and assuring the professional conduct of the attorneys it licenses." *Middlesex,* 457

27   U.S. at 434.  "States traditionally have exercised extensive control over the

28   professional conduct of attorneys." *Id.; see also Hirsh*, 67 F.3d at 712.

10

Memo  in Support of Defs. State Bar & Mark Torres-Gil's Mot. to Dismiss Compl.            Case No. CV12-01287-RGK(MRWx)

1   Furthermore, the Supreme Court has noted that "the States have important interests
2   in administering certain aspects of their judicial systems." *Pennzoil Co. v. Texaco,*
3   *Inc.*, 481 U.S. 1, 12-13 (1987).  Plaintiffs' federal complaint is an improper
4   collateral attack on disciplinary proceedings that implicate important state
5   interests, namely a desire to insure that our attorneys are not advising our citizens
6   to commit crimes. The State's interest in regulating the attorneys it licenses and in
7   administering the orders of its courts are plainly "important" enough to meet the
8   standard under *Younger*.  Therefore, important state interests are implicated and the
9   second requirement of *Younger* is met.

3.   **The Plaintiffs Cannot Meet his Burden of Proving that he is Barred from Litigating Federal Constitutional Issues in State Bar Court**

13     "[A] federal court should assume that state procedures will afford an
14   adequate remedy [for constitutional issues that arise], in the absence of
15   unambiguous authority to the contrary." *Pennzoil Co.*, 481 U.S. at 15. "Minimal
16   respect for the state processes, of course, precludes any *presumption* that the state
17   courts will not safeguard federal constitutional rights." *Middlesex*, 457 U.S. at
18   431.  The burden rests on the Plaintiffs to show that state procedural law will bar
19   its claims. *Pennzoil Co.*, 481 U.S. at 14.  Plaintiff cannot meet this burden.
20   Business and Professions Code § 6085(e) permits federal constitutional rights to be
21   asserted in disciplinary proceedings and permits post-proceeding judicial review.
22   At every state of the original proceedings, Plaintiff has had an opportunity to be
23   heard.  Indeed, Plaintiff has the opportunity to present his arguments at a hearing
24   before the State Bar Court Hearing Department.  In the event that the Hearing
25   Department's decision be adverse to Pines, he will have the opportunity to appeal
26   to the Review Department and ultimately the California Supreme Court.  Thus, the
27   Third requirement under *Younger* is met.

4.      **This Lawsuit Would Enjoin the State Bar Court Actions or Have the Practical Effect of Doing So**

The final *Younger* requirement, that this federal suit would interfere with the ongoing State Bar Court proceedings, is clearly satisfied here.  Plaintiff seeks, among other things, an order enjoining Defendants, including the State Bar and Mr. Torres-Gil "from prosecuting" the Plaintiff.  Compl. ¶ 24.  The relief sought in this case would interfere with the State Bar's pending original and conviction proceedings.  Indeed, this case is nothing more than an attempted end-run around the pending disciplinary proceeding.  *Younger* abstention requires the dismissal of these claims.

C.      **Plaintiff Fails To State A Claim Upon Which Relief May Be Granted**

This Court should also grant this motion to dismiss because Plaintiff's claims are simply insufficient under Rule 12(b)(6).  A motion to dismiss pursuant to Federal Rule of Civil procedure 12(b)(6) tests the legal sufficiency of a complaint.  *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  The complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007).  In this regard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. *Ashcroft v. Iqbal,* 556 U.S. 662,___, 129 S.Ct. 1937, 1949 (2009).  An action must be dismissed when the factual allegations, viewed through the prism of the Court's "judicial experience and common sense" and in consideration of "obvious alternative explanations" are simply not plausible. *Id.* at 1950, 1951.

Plaintiff has failed to state a claim for relief under 42 U.S.C. § 1983 for two reasons.  First, all Plaintiff does is levy the type of generalized conclusory allegations that the Supreme Court condemned in *Twombly* and *Iqbal* as

1  insufficient to sustain a cause of action.  Moreover, the two Defendants whom

2  Plaintiff has levied these allegations against are not even "persons" within the

3  meaning of 42 U.S.C. § 1983.

### 1.  The Allegations in the Complaint Are Generalized, Conclusory, and Implausible

6  The complaint must be dismissed because it contains only generalized

7  allegations of an implausible grand conspiracy involving the State Bar to deny

8  Plaintiff's rights under the Constitution and Federal Law.  *See, e.g., Kendall v. Visa*

9  *U.S.A., Inc.*, 518 F.3d 1042 (9th Cir. 2003) (generalized allegations of antitrust

10  conspiracy between credit card company and others insufficient); *Ashelman v.*

11  *Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986) (failure to allege judicial officer acted

12  beyond scope of court's jurisdiction compels dismissal).  Specifically, in his

13  complaint, plaintiff generally alleges that his civil rights were violated because the

14  disciplinary actions instituted by the State Bar resulted from some mysterious and

15  corrupt financial arrangement between the State Bar and some unnamed financial

16  institutions.[2]  Compl, ¶¶ 1 & 7.

17  Plaintiff does not offer any support for such accusations.  The complaint

18  does not specify any particular wrongdoing that has been undertaken by the State

19  Bar or Mr. Torres-Gil in conjunction with the institution or adjudication of those

20  disciplinary proceedings.  Nor is there any indication that the State Bar or Mr.

21  Torres-Gil engaged in activities beyond the scope of their authority.  The

22  complaint does not set forth any facts showing that the State Bar acted improperly

---

[2] In support of his claims, Plaintiff incorporates the facts alleged in *Boroni v. State of California, et al.*, U.S.D.C. Case No. 2:11-7303 PA-MRW.  Compl. ¶ 1. As the State of California has noted it its brief, Plaintiff is not a party to *Boroni* nor has he indicated his connection to the suit. *See* Mem. of P.&A. In Supp. of Def. State of Cal.'s Mot. To Dismiss at 2-3, Pines v. State of Cal. et. al., No. 12-01287. Subsequently, this Court, the Hon. Percy Anderson, dismissed the case. *Id.*

13

during the proceedings or engaged in any improper action that infringed upon his rights during the disciplinary proceedings.

Plaintiff merely concludes that because the State Bar has taken disciplinary action for his misconduct, his civil rights were violated. Further, Plaintiff makes no allegations in his complaint about Mr. Torres-Gil. The only mention of Mr. Gil is in the caption of complaint, referring to Mr. Torres-Gil as "a Trial Counsel of the California State Bar." Such arguments are clearly not supported by the facts when viewed through the prism of the Court's "judicial experience and common sense" and in consideration of "obvious alternative explanations" that exist given the facts discussed above. *See Iqbal,* 129 S.Ct. at 1950, 1951.

Plaintiff was disciplined because he counseled his clients to break the law. Plaintiff has had ample opportunity to protect his rights in the disciplinary proceedings before the State Bar. The idea of some conspiracy is simply not present anywhere in the facts. In the face of the speculative and conclusory charges made here by Plaintiff, and given the plausible and obvious alternative explanations visible from the facts, i.e., the Plaintiff engaged in criminal behavior that warranted prosecution and disbarment, the complaint should be dismissed without leave to amend.

2.   **The State Bar and Mark Torres-Gil Acting in his Official Capacity are Not "Persons" Within the Meaning of 42 U.S.C. § 1983**

Plaintiff also fails to state a claim because the State Bar and Mr. Torres-Gil are not "persons" within the meaning of 42 U.S.C. § 1983. Therefore, an action under 1983 cannot be properly brought against them.

Claims under § 1983 are limited by the scope of the Eleventh Amendment. In *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989), the United States Supreme Court held that states or governmental entities that are considered "arms of the state" for Eleventh Amendment purposes" are not "persons" under § 1983.

14

1   *See also Wolfe v. Strankman*, 392 F.3d 358, 364 (9th Cir. 2004) (holding that the

2   California Judicial Council of California, as a State Agency, is immune from suit

3   under § 1983). Moreover, the Supreme Court also made clear that § 1983 was not

4   intended "to disregard the well-established immunity of a State from being sued

5   without its consent." *Will*, 491 U.S. at 67. Therefore, Plaintiff cannot, as a matter

6   of law, state a valid § 1983 claim against the State Bar. *See Silverton v. Dep't of

7   Treasury*, 449 F. Supp. 1004, 1006 (C.D. Cal. 1978); *Kay*, at*2 (holding that the

8   State Bar of California is not a "person" under § 1983).

9         Plaintiff also cannot assert a valid section 1983 action against Mark Torres-

10   Gil in his official capacity as an employee of the State Bar. "Obviously, state

11   officials literally are persons. But a suit against a state official in his or her official

12   capacity is not a suit against the official but rather is a suit against the official's

13   office." *Will*, 491 U.S. at 71. Thus, Plaintiff's attempt to sue Mr. Torres-Gil is no

14   different than his suit against the State Bar. *See Id.* Accordingly, Mr. Torres-Gil

15   would not qualify as a "person" for such a 1983 action. *See Id.*

16   **D.    Declaratory Relief Is Not A Cause Of Action**

17         In conjunction with his 1983 claim, the Complaint also seeks a declaratory

18   judgment under 28 U.S.C. § 2201. Compl. ¶¶ 17-20. Declaratory relief is a

19   remedy and not a valid claim for relief. *See, e.g., Stock West, Inc. v. Confederated

20   Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989)

21   ("Declaratory Judgment Act only creates a remedy and is not an independent basis

22   for jurisdiction."); *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 92 (6th Cir. 1997)

23   ("With regard to Count IV, in which plaintiff seeks declaratory relief, plaintiff has

24   merely asserted a form of relief, not a cause of action. Plaintiff is not entitled to

25   this relief in the absence of a viable claim."). To obtain declaratory relief in

26   federal court, there must be an independent basis for jurisdiction. *See, e.g., Skelly

27   Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72 (1950); *Stock West, Inc.*,

28   873 F.2d at 1225, (citing *Miller-Wohl Co. v. Commissioner of Labor & Indus.*, 685

15

1   F.2d 1088 (9th Cir. 1982)).   As discussed above, Plaintiff has failed to state a

2   claim for relief under 42 U.S.C. § 1983.  Plaintiff has therefore also failed to

3   establish a basis for declaratory relief.  This "cause of action" must be dismissed.

4   **E.      The Anti-Injunction Act Does Not Create A Cause Of Action**

5          Plaintiff's final count for injunctive relief under 28 U.S.C. § 2283 is equally

6   flawed.  Like declaratory relief, '[i]njunctive relief is a remedy and not, in itself, a

7   cause of action." *Hamilton v. Bank of Blue Valley*, 746 F. Supp.2d 1160, 1182

8   (E.D. Cal. 2010) (internal citation omitted).  A viable claim for relief must exist

9   before injunctive relief may be granted. *Id.; Sires v. State of Wash.*, 314 F.2d 883,

10  884 (9th Cir. 1963) ("[W]here there is no underlying cause of action over which

11  the district court has primary jurisdiction, it may not entertain an application for an

12  injunction.").  This is because 28 U.S.C. § 2283 does not confer subject matter

13  jurisdiction; it only pertains to the power of the court to grant relief where a court

14  has subject matter jurisdiction under some other statute. *See id.*  As Plaintiff has

15  stated no viable claim for relief against the State Bar and Mr. Torres-Gil under

16  1983, Plaintiffs' third count fails as a matter of law.[3]

17

18

19

20

21

22  [3]        While a claim for relief under 42 U.S.C. § 1983 is one of the recognized

23  exceptions to the bar against federal injunctions directed at state court proceedings

24  provided under 28 U.S.C. § 2283, the applicability of this exception does not

    "qualify in any way the principles of equity, comity, and federalism that must

25  restrain a federal court when asked to enjoin a state court proceeding." *Mitchum v.*

26  *Foster*, 407 U.S. 225, 243 (1972).  Thus, even if Plaintiff could state a cause of

    action under § 1983 against the State Bar – which he cannot – the abstention

27  doctrine under *Younger* is a separate, independent bar that Plaintiff cannot

28  overcome. *See Id.; see also Pennzoil Co.*, 481 U.S. at 13-14.

                                                16

# IV.   CONCLUSION

For the foregoing reasons, Plaintiffs' claims against the State Bar of California and Mark Torres-Gil must be dismissed.

Dated:  March 16, 2012                    Respectfully submitted,

STARR BABCOCK
LAWRENCE C. YEE

By:    /s/ Susan Phan
          SUSAN PHAN

Attorneys for Defendants The State Bar of California and Mark Torres-Gil

17

## PROOF OF SERVICE

I, Joan Sundt, hereby declare: that I am over the age of eighteen years and am not a party to the within above-entitled action, that I am employed in the City and County of San Francisco, that my business address is The State Bar of California, 180 Howard Street, San Francisco, CA 94105.

On March 16, 2012, I served copies of:  **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS STATE BAR AND MARK TORRES-GIL'S MOTION TO DISMISS COMPLAINT** on the party listed below:

Ronald Freshman
P.O. Box 676231
Rancho Santa Fe, CA 92067

☒ **By first class mail** by placing a true copy thereof in a sealed envelope with postage thereon fully prepaid and placing the envelope in the office's daily mail processing center for mailing in the United State mail at San Francisco, California.

☐ **By facsimile machine** (FAX) by personally transmitting a true copy thereof via an electronic facsimile machine to the facsimile number listed above.

☐ **By electronic mail** by personally transmitting a true copy thereof via an electronic mail service connected to the internet, addressed to the email address listed above.

☐ **By UPS** or overnight courier.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at San Francisco, California on March 16, 2012.

_____/s/ Joan Sundt_____
JOAN SUNDT

18